**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**KENTON W. TYLMAN, #14661-026,**

                        **Petitioner,**

**vs.**                                          **Case No. 12-cv-863-DRH**

**WENDY ROAL,**

                        **Respondent.**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

     Petitioner Kenton W. Tylman, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, to challenge the respondent's denial of his application for placement in community confinement during the final twelve months of his sentence.  Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), a prisoner may be placed in a community correctional center for up to twelve months before the end of the term of incarceration. Petitioner requested the full twelve months, but was told he would only be allowed a community placement for the final one day of his sentence.  Petitioner is serving a 60-month sentence imposed after his 2009 conviction for tax fraud.  *See United States v. Tylman*, No. 06-cr-20023 (C.D. Ill., April 30, 2009) (Doc. 582).  As of

November 12, 2012, petitioner will begin the final twelve months of his sentence.

Without commenting on the merits of petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before September 28, 2012). This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

provide such notice may result in dismissal of this action.  *See* Fᴇᴅ. R. Cɪᴠ. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: August 29, 2012**

Digitally signed by David R. Herndon
Date: 2012.08.29 13:41:18 -05'00'

**Chief Judge**
**United States District Court**