IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENTON W. TYLMAN,

Petitioner,

vs.                                                     No.   12-CV-0863-DRH

WENDY ROAL,

Respondent.

### MEMORANADUM and ORDER

HERNDON, Chief Judge:

### I.   Introduction and Background

This matter comes before the Court on a December 12, 2012 Report and Recommendation ("the Report") submitted by Magistrate Judge Philip M. Frazier (Doc. 13). Specifically, the Report recommends that the Court dismiss with prejudice Tylman's habeas corpus petition for failure to exhaust his administrative remedies. On December 28, 2012, Tylman filed an objection to the Report (Doc. 13). Based on the following, the Court ADOPTS the Report with one modification and denies as moot the motion to expedite (Doc. 12).

Kenton W. Tylman, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, to challenge the respondent's denial of his application for placement in community confinement during the final

twelve months of his sentence (Doc. 1). Tylman believes that 12 months of halfway house placement is appropriate in his case. Petitioner is serving a 60-month sentence imposed after his 2009 conviction for tax fraud. *See United States v. Tylman,* No. 06-cr-20023 (C.D. Ill., April 30, 2009) (Doc. 582). On November 12, 2012, petitioner began his final twelve months of his sentence. Petitioner filed his habeas corpus petition on August 1, 2012 (Doc. 1). Respondent filed her response on October 3, 2012 (Doc. 8) and Tylman filed a reply on October 15, 2012 (Doc. 10). On December 12, 2012, Magistrate Judge Fraizer issued the Report (Doc. 13) and Tylman filed an objection on December 28, 2012 (Doc. 14).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Analysis

The Second Chance Act of 2007 provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of his final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity

to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-119, April 9, 2008). The amended statute also requires the Federal Bureau of Prisons (BOP) to issue regulations designed to ensure that RRC assignments are "(a) conducted in a manner consistent with section 3621(b) of this title; (b) determined on an individual basis; and (c) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-119, April 9, 2008).

In 2008, to give effect to the Second Chance Act and to cure infirmities in its prior policies, the BOP adopted 28 C.F.R. § 570.22 (2008). *See Owusu-Sakyi 1 v. Terrell*, 210 WL 3154833 (E.D. N.Y. Aug. 9, 2010) (discussing history of the BOP's regulations).[1] The BOP's new regulation allows for community confinement in RRCs within the last 12 months of an inmate's custody in accordance with the Second Chance Act. Id. Furthermore, the BOP's new regulations requires the BOP to determine an inmate's pre-release community confinement on an "individual basis." *Id*.

Although both the amended statute and the new regulations authorize placement of an inmate in an RRC for up to the last 12 months of an inmate's

---

[1] Under its prior policies, the BOP limited inmate RRC placements to the last ten percent of an inmate's term of imprisonment, a restriction that was found to impermissibly constrain RRC placement in contravention of the broad discretion afforded the BOP in the pre-amendment versions of 18 U.S.C. §§ 3621 and 3624. *See e.g., Levine v. Apker*, 455 F.3d 71, 75 (2 Cir. 2006) (discussing case law which found prior BOP policy to be "contrary to the plain meaning of § 3621.").

confinement, petitioner essentially asserts that respondent acted arbitrarily, capriciously and abused her discretion in only allowing him 1 day of community placement. He believes that 12 months of halfway house placement is appropriate in his case. The Court notes that on June 22, 2012, Tylman received the following written response:

Based upon an analysis by your Unit Team, your pre-release RRC need can be accommodated by your placement of six months or less. The unit team will recommend a placement range of 1-180 days. This is sufficient time to address your pre-release needs.

*See* Doc. 1-1, Page 1 of 56.

It is important to note that 18 U.S.C. §3624(c)(1) gives the BOP discretion as to the number of months a prisoner is placed in conditions that would facilitate reentry into society, but states that the number of months shall not exceed 12. In short, the statute gives a maximum number of months allowable, but does not provide a minimum. The statute also makes placement in a community correctional facility permissive, not mandatory. The relevant statute provides that inmates may be given a maximum amount of 12 months in said conditions, not that inmates must be given 12 months. Ultimately the BOP is given the discretion to determine what length of placement provides the greatest benefit to inmates. According to the record, the BOP has not determined exactly how long Tylman will be placed in a halfway house. The BOP has only determined that Tylman will not be placed in a halfway house prior to May 12, 2013 (six months prior to his release).

Here, Tylman objects to the Report's finding that he failed to exhaust his administrative remedies. He concedes that he has not exhausted his administrative remedies but claims his failure to exhaust is excusable because the administrative process would take too long as he would need at least 10 to 12 months to receive any chance for remedy and that the administrative process would be futile as the BOP has predetermined the issue.

Although exhaustion is not statutorily required, the Seventh Circuit has held that a federal prisoner must exhaust administrative remedies before filing a petition for writ of habeas corpus. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

The BOP maintains an Administrative Remedy Program, which is the "process through which inmates may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. Under this program, the inmate is encouraged to first attempt an informal resolution using BP-8. 28 C.F.R. § 542.13. If that fails, the prisoner files his initial grievance on a BP-9 form. 28 C.F.R. § 542.14. If dissatisfied with the disposition of the grievance, the inmate may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. Appeal to the General Counsel is the final level of administrative appeal. *Id.* Thus, exhaustion of administrative remedies requires the filing of a BP-11.

The Seventh Circuit has recognized that, where exhaustion is not statutorily mandated, there can be exceptions to the requirement, but "sound judicial discretion governs." *Gonzalez v. O'connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

The Seventh Circuit noted in *Gonzalez* that the Supreme Court has identified two purposes for the exhaustion requirement, that is, protection of the agency's authority, and promotion of judicial economy. *Id*. at 1017. The determination of whether RRC placement is appropriate for a prisoner, and the optimal length of that placement are questions that are peculiarly within the expertise of the Bureau of Prisons. It may well be that the BOP would have agreed with petitioner's position had he followed through with the administrative process.

Tylman argues that he would not have had time to exhaust his administrative remedies because it takes too long. However, had Tylman followed through with the administrative process there would have been time to address his complaint. Tylman's position is based on the position the assumption that his appeals would have been denied at all levels. However, the Court cannot accept this assumption. It is just as likely that, had Tylman continued on with the administrative resolution, the BOP would have reconsidered his RRC without requiring him to exhaust the entire administrative process.

It is worth noting that reconsideration of his RRC designation by the BOP is all the remedy that he could achieve. 18 U.S.C. § 3624(c) clearly does not create a right to RRC placement of any length; that statute says only that such placement "may" be included in the conditions of a prisoner's last twelve months of confinement. Decisions regarding an inmate's placement are within the authority of the BOP pursuant to 18 U.S.C. § 3621(b). Tylman has already been deemed

suitable for RRC placement for the last six months of his sentence. Thus, his request for reconsideration may have been granted.

The "hurdle is high" for a federal prisoner who seeks an exception to the rule requiring exhaustion before filing a petition under 28 U.S.C. § 2241. *Richmond*, 387 F.3d at 604. Tylman has not gotten over the hurdle. The Court finds that no basis exists to warrant excusal of his failure to exhaust administrative remedies.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 13) with one modification: that the dismissal is without prejudice. Further, the Court **DENIES as moot** the motion to expedite (Doc. 12). The Court **DISMISSES** without prejudice Tylman's 28 U.S.C. § 2241 petition for writ of habeas corpus for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

Signed this 16th day of January, 2013.

Digitally signed by David R. Herndon
Date: 2013.01.16 15:00:27 -06'00'

**Chief Judge**
**United States District Court**